UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| KLAUDIUSZ MARCZUK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:11-cv-00462-JCM-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| LAS VEGAS METROPOLITAN | ) | **ORDER** |
| POLICE DEPARTMENT, *et al.*, | ) | |
| | ) | Application to Proceed *In Forma* |
| Defendants. | ) | *Pauperis* (#1) and Screening of |
| | ) | Complaint |

This matter is before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#1), filed on March 28, 2011.

**BACKGROUND**

Plaintiff alleges that on or about October 1, 2004, he applied for a position as a police recruit with the Las Vegas Metropolitan Police Department ("LVMPD"). He claims that he passed a written exam, physical fitness exam, and oral interview. Plaintiff alleges that on or around November 8, 2004, he received a call from Detective Turcheto of LVMPD who was, apparently, conducting a background check. Plaintiff alleges that an appointment was made for November 11, 2004. Within hours after the appointment was set, Plaintiff alleges that he was contacted by Detective Turcheto and informed that the appointment was scheduled on Veteran's Day and needed to be rescheduled to November 18, 2004.

On the date of the scheduled interview, Plaintiff alleges that he showed up early only to be informed that he needed to complete additional paperwork. He alleges that he was given one

week to complete a Personal History Questionnaire and six weeks to gather other paperwork.  On November 20, 2004, Plaintiff alleges that he attempted to contact Detective Turcheto to inform him that Plaintiff was ready to drop off the Personal History Questionnaire.  Detective Turcheto was unavailable so Plaintiff alleges that he left him a message.  Plaintiff alleges further that he made three additional attempts to contact Detective Turcheto to no avail.  On November 29, 2004, Plaintiff was informed by Detective Turcheto that his application was being withdrawn for failure to submit the required paperwork in a timely manner.  Despite allegedly informing Detective Turcheto that he did attempt to file the paperwork in a timely manner, Plaintiff's application was withdrawn.

Plaintiff contends that his application was unlawfully withdrawn because of his national origin in violation of Title VII, 42 U.S.C.§ 2000e *et al*. and 42 U.S.C. § 1983.  It appears that he filed a charge of discrimination with the Nevada Equal Rights Commission ("NERC") on January 13, 2005.  However, there is nothing indicating that Plaintiff received a right to sue letter from either NERC or the Equal Employment Opportunity Commission ("EEOC").  On March 28, 2011, Plaintiff filed an unsigned and undated request, styled as a motion, seeking additional time to obtain a right to sue letter from the EEOC.  *See* Pl.'s Mot. (#2).  Based on the record, it appears that Plaintiff's Title VII claim is likely barred for failure to file suit within ninety-days after receiving a right to sue letter from the EEOC.  It also appears that, even assuming a valid claim has been stated under section 1983, the complaint was filed well after the applicable statute of limitations and is likely time-barred.

## DISCUSSION

### I. Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a).  Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that he is unable to pre-pay the filing fee.  As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

### II. Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a

complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### A. Title VII Statute of Limitations

Plaintiff claims he was discriminated against based upon his national origin in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e).  Before a plaintiff can file an action for an alleged violation of Title VII, he must file a timely charge of discrimination with the EEOC within 300 days of the discriminatory act and then file suit within ninety days of receiving a right-to-sue letter. 42 U.S.C. § 2000e-5(e)(1) & (f)(1).  "This ninety-day period is a statute of limitations." *Nelmida v. Shelly Eurocars, Inc.,* 112 F.3d 380, 383 (9th Cir.1997), *cert. denied,* 522 U.S. 858 (1997).   Title VII claims filed beyond the ninety-day period are subject to dismissal under Rule 12(b)(6).  *See e.g.*, *Scholar v. Pac. Bell*, 963 F.2d 264, 266 (9th Cir. 1992); *see also Ortez v. Washington County, State of Oregon*, 88 F.3d 804, 807 (9th Cir. 1996) ("If the claimant does not file within this 90-day period, the action is barred.").   The ninety-day period is subject to equitable tolling in appropriate circumstances. *Valenzuela v. Kraft, Inc.,* 801 F.2d 1170, 1173 (9th Cir.1986).

The alleged conduct underlying the complaint occurred in November 2004. Attached to Plaintiff's complaint is a copy of the "Charge of Discrimination" filed with the Nevada Equal Rights Commission in early 2005, but there is no "right to sue" letter from the EEOC. Plaintiff did file, on March 28, 2011, an unsigned and undated letter requesting an extension to obtain the "right to sue" letter. Thus, it appears that Plaintiff did not file suit within ninety-days after receiving a "right to sue" letter. Accordingly, the Court will allow Plaintiff thirty days to amend his complaint to show that the suit was timely filed after a "right to sue" letter was issued.

### B. Statute of Limitations Under 42 U.S.C. § 1983

Plaintiff also makes a claim under 42 U.S.C. § 1983. Section 1983 does not contain its own statute of limitations. Federal courts borrow the same statute of limitations for section 1983 claims applicable to personal injury claims in the forum state. *Wilson v. Garcia,* 471 U.S. 261, 279–80 (1985); *Johnson v. State of California,* 207 F.3d 650, 653 (9th Cir.2000) (citation omitted). In Nevada, the statute of limitations for personal injury actions is two years. NRS § 11.190(4)(e). Consequently, the statutory time period for bringing a section 1983 claim is two years from the date the cause of action accrues. "Federal law determines when a cause of action accrues and the statute of limitations begins to run for a § 1983 claim." *Bagley v. CMC Real Estate Corp.,* 923 F.2d 758, 760 (9th Cir.1991) (citation omitted). Under federal law, a cause of action accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Id.* (internal quotation marks and citations omitted).

The complaint was filed 6 years after the incident giving rise to the complaint. Thus, even assuming Plaintiff's section 1983 claim is valid, it appears to be time-barred by the applicable statute of limitations. Nevertheless, the Court will give Plaintiff the opportunity to amend his complaint to show, for purposes of the 1983 claim, that this complaint was filed within two years after a valid right to sue letter was issued from NERC or EEOC.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (#1) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1).

**IT IS FURTHER ORDERED** that the Complaint is **dismissed without prejudice** as the claims are time-barred.  Plaintiff shall have **thirty (30)** days from the date that this Order is entered to file his Amended Complaint to (1) show that his Title VII claim was brought within 90 days after receiving a valid right to sue letter and (2) show that his section 1983 claim was brought within 2 years after a valid right to sue letter was issued.  Failure to comply with this Order may result in the recommendation that this action be dismissed.

DATED this 5th day of January, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge